UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DARRELL SEMIEN, IND. AND KARLA SEMIEN, IND. AND ON BEHALF OF THEIR MINOR CHILDREN, MADISON SEMIEN, AND MALACHI SEMIEN** | * * * * * | **NO: 2:20-cv-01286** |
| *Plaintiffs*, | * * | **JUDGE: JAMES CAIN, JR.** |
| v. | * * | **MAG. JUDGE: KATHLEEN KAY** |
| | * | **JURY TRIAL REQUESTED** |
| **LABORATORY CORPORATION OF AMERICA AND LABORATORY CORPORATION OF AMERICA HOLDINGS** | * * * * | |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER AND JURY DEMAND OF LABORATORY CORPORATION OF AMERICA AND LABORATORY CORPORATION OF AMERICA HOLDINGS

Laboratory Corporation of America and Laboratory Corporation of America Holdings (collectively, "LabCorp") respond to the Petition for Damages filed by Plaintiffs Darrell Semien and Karla Semien, individually, and on behalf of their minor children, Madison Semien and Malachi Semien (collectively the "Semiens" or "Plaintiffs"), as follows:

LabCorp denies the allegations contained in the Preamble of the Petition for lack of sufficient information to justify a belief therein.

I.

In response to Paragraph 1, LabCorp admits that it is a foreign corporation authorized to transact business and operating in Louisiana, who may be served through its registered agent for service of process. LabCorp denies any other allegations contained in Paragraph 1.

3891910-1

II.

In response to Paragraph 2, LabCorp admits that it is a foreign corporation authorized to transact business in Louisiana, who may be served through its registered agent for service of process. LabCorp denies any other allegations contained in Paragraph 2.

III.

LabCorp denies the allegations contained in Paragraph 3 of the Petition.

IV.

LabCorp denies the allegations of Paragraph 4 of the Petition for lack of sufficient information to form a belief therein.

V.

LabCorp denies the allegations of Paragraph 5 of the Petition for lack of information sufficient to form a belief therein.

VI.

LabCorp denies the allegations of Paragraph 6 of the Petition for lack of information sufficient to form a belief therein.

VII.

LabCorp denies the allegations of Paragraph 7 of the Petition for lack of information sufficient to form a belief therein.

VIII.

LabCorp denies the allegations of Paragraph 8 of the Petition for lack of information sufficient to form a belief therein.

IX.

LabCorp denies the allegations of Paragraph 9 of the Petition for lack of information sufficient to form a belief therein, except to admit that it received a specimen collected by others, which specimen was marked as belonging to Miracle Semien, analyzed that specimen, and reported results to the requesting entity on August 22, 2019.

X.

LabCorp denies the allegations of Paragraph 10 of the Petition, as written, and avers that it correctly analyzed and reported on the specimen collected and labeled by a third party as being from Miracle Semien.

XI.

LabCorp denies the allegations of Paragraph 11 of the Petition, as written.

XII.

LabCorp denies the allegations of Paragraph 12 of the Petition.

XIII.

LabCorp denies the allegations of Paragraph 13 of the Petition.

XIV.

LabCorp denies the allegations of Paragraph 14 of the Petition for lack of information sufficient to form a belief therein.

XV.

LabCorp denies the allegations of Paragraph 15 of the Petition for lack of information sufficient to form a belief therein.

XVI.

LabCorp denies the allegations of Paragraph 16 of the Petition.

3891910-1

XVII.

LabCorp denies the allegations of Paragraph 17 of the Petition, as written.

XVIII.

LabCorp denies the allegations of Paragraph 18 of the Petition.

XIX.

LabCorp denies the allegations of Paragraph 19 of the Petition.

XX.

LabCorp denies the allegations of Paragraph 20 of the Petition for lack of information sufficient to form a belief therein.

XXI.

LabCorp denies the allegations of Paragraph 21 of the Petition for lack of information sufficient to form a belief therein.

XXII.

LabCorp denies the allegations of Paragraph 22 of the Petition.

XXIII.

LabCorp denies the allegations of Paragraph 23 of the Petition.

XXIV.

LabCorp denies the allegations of Paragraph 24 of the Petition.

XXV.

LabCorp denies the allegations of Paragraph 25 of the Petition.

XXVI.

LabCorp denies the allegations of Paragraph 26 of the Petition for lack of information sufficient to form a belief therein.

XXVII.

LabCorp denies the allegations of Paragraph 27 of the Petition for lack of information sufficient to form a belief therein.

XXVIII.

LabCorp denies the allegations of Paragraph 28 of the Petition for lack of information sufficient to form a belief therein.

XXIX.

LabCorp denies the allegations of Paragraph 29 of the Petition for lack of information sufficient to form a belief therein.

XXX.

LabCorp denies the allegations of Paragraph 30 of the Petition, including all subparts.

XXXI.

LabCorp denies the allegations of Paragraph 31 of the Petition.

XXXII.

LabCorp denies the allegations of Paragraph 32 of the Petition.

XXXIII.

LabCorp denies the allegations of Paragraph 33 of the Petition.

XXXIV.

LabCorp denies the allegations of Paragraph 34 of the Petition for lack of information sufficient to form a belief therein.

XXXV.

LabCorp denies the allegations of Paragraph 35 of the Petition for lack of information sufficient to form a belief therein.

XXXVI.

LabCorp denies the allegations of Paragraph 36 of the Petition.

XXXVII.

LabCorp denies the allegations of Paragraph 37 of the Petition.

XXXVIII.

LabCorp denies the allegations of Paragraph 38 of the Petition.

XXXIX.

LabCorp denies the allegations of Paragraph 39 of the Petition.

XL.

LabCorp denies the allegations of Paragraph 40 of the Petition.

XLI.

LabCorp denies the allegation of Paragraph 41 of the Petition.

XLII.

LabCorp denies the allegations of Paragraph 42 of the Petition for lack of information sufficient to form a belief therein.

XLIII.

The allegations in the prayer of the Petition do not require an answer of LabCorp. Insofar as an answer may be required, LabCorp denies the allegations of the prayer.

XLIV.

LabCorp denies each and every other allegation in the Petition not heretofore specifically admitted.

## **DEFENSES**

### First Defense

LabCorp avers that Plaintiffs have no cause of action against it.

### Second Defense

LabCorp specifically denies that Plaintiffs were injured by an employee or agent of LabCorp and calls for strict proof thereof.

### Third Defense

The sole proximate cause of Plaintiffs' alleged damages, if any, was the actions or inactions of Plaintiffs or others for whom LabCorp is not responsible.

### Fourth Defense

LabCorp avers that, at all times pertinent hereto, it, and any employee or agent of LabCorp, possessed, exercised, and practiced the same degree of care, knowledge, and skill ordinarily possessed, exercised, and practiced by workers in the relevant field, and they used reasonable care and diligence, along with their best judgment, in the application of their skill. LabCorp's professional judgment and actions were commensurate with sound medical practices, and all care was in accordance with the applicable standard of care.

### Fifth Defense

No lack of knowledge or skill, nor failure to exercise the required degree of care, on the part of LabCorp, or any employee or agent of LabCorp or anyone for whom LabCorp may be responsible, proximately caused Plaintiffs any damages. LabCorp avers that no failure to exercise the required degree of care on its part proximately caused Plaintiffs to suffer injuries that would not otherwise have occurred.

### Sixth Defense

LabCorp specifically denies that Plaintiffs were injured by an action or inaction of LabCorp and calls for strict proof thereof.

### Seventh Defense

If Plaintiffs sustained any injuries or damages and incurred any expenses as claimed, their injuries and damages were caused in whole or in part by the actions or omissions of another or others for whose conduct or intervening negligence LabCorp is not responsible and whose conduct LabCorp had no reason to anticipate.

### Eighth Defense

The alleged injuries or damages, if any, of Plaintiffs were caused by an intervening and superseding cause, and any action on the part of LabCorp was not the proximate and/or competent producing cause of the alleged injuries and damages, if any, of Plaintiffs.

### Ninth Defense

As to Plaintiffs, and/or any other entity or person whose conduct or intervening negligence resulted in the alleged injuries to Plaintiffs, LabCorp expressly pleads the doctrines of comparative fault and assumption of the risk by Plaintiffs and/or those entities and/or persons as well as the applicability of the doctrine of last clear chance as a bar to, or a diminution of, the claims of Plaintiffs.

### Tenth Defense

The alleged injuries and damages, if any, were the result of unavoidable circumstances that could not have been prevented.

### Eleventh Defense

The alleged injuries and damages, if any, were caused by an idiosyncratic reaction, operation of nature, or act of God.

### Twelfth Defense

The alleged injuries and damages, if any, were caused, in whole or in part, by purely natural causes and the progression of predisposing conditions and were in no way caused or related to any action or inaction by LabCorp.

### Thirteenth Defense

LabCorp asserts that it had no direct dealings or communications with plaintiffs, and its services at issue were available only on or by the order of a physician or healthcare provider; therefore, LabCorp has no duty directly to Plaintiffs. Rather, LabCorp reports only to the physician/healthcare provider, who acts as a "learned intermediary" in evaluating the use/administration of the services; and LabCorp pleads this defense as a complete bar to the claims of the Plaintiffs.

### Fourteenth Defense

LabCorp asserts that its methods, standards, and techniques were in conformity with the generally recognized state of the art in being at the time of the allegations complained of herein.

### Fifteenth Defense

LabCorp's methods, standards, and techniques have been approved by the appropriate federal agencies pursuant to applicable statutes and regulations, and such approval was obtained in compliance with all requirements pertaining to the services at issue. Further, the services allegedly provided by LabCorp, as described in Plaintiffs' Petition, were and are controlled by

federal law, and at all times relevant hereto, LabCorp's methods, standards, and techniques were in compliance with applicable federal law.

### Sixteenth Defense

To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate LabCorp's rights under the United States Constitution and the Louisiana State Constitution.

### Seventeenth Defense

The claims of Plaintiffs may be barred or reduced because they may have failed to mitigate damages.

### Eighteenth Defense

Plaintiffs have failed to join, or may be unable to join, identifiable parties necessary or indispensable for a proper adjudication of this matter.

### Nineteenth Defense

All or part of the claims made against LabCorp are preempted by federal law; therefore, the Petition fails to state a cause of action in that such claims for relief, if granted, would impede, frustrate, and/or burden the effectiveness of federal law regulating the field and would violate the Supremacy Clause (Art. VI, § 2) of the United States Constitution.

### Twentieth Defense

LabCorp affirmatively pleads that it owes no duty directed to Plaintiffs.

### Twenty-First Defense

LabCorp affirmatively pleads qualified or absolute privilege.

### Twenty-Second Defense

LabCorp affirmatively pleads Informed Consent.

### Twenty-Third Defense

LabCorp affirmatively pleads Prescription, as Plaintiffs' claims may have prescribed, and the doctrine of laches.

### Twenty-Fourth Defense

LabCorp affirmatively pleads that Plaintiffs consented to all procedures and communications related to the urine test and purposely published the urine test results through this lawsuit.

### Twenty-Fifth Defense

LabCorp hereby gives notice that it intends to rely upon such other defenses as may become available by law or during discovery proceedings of this case and hereby reserves its right to amend its answer to assert any such defenses.

## JURY DEMAND

LabCorp requests trial by jury of all issues herein.

WHEREFORE, Defendants, Laboratory Corporation of America and Laboratory Corporation of America Holdings pray that their answer to Plaintiffs' Petition be deemed good and sufficient and that, after due proceedings are had, there be judgment rendered herein in favor of LabCorp and against Plaintiffs, dismissing Plaintiffs' Petition at their cost, and awarding LabCorp all court costs and other such relief, both general and specific, at law and in equity, as is just and reasonable.

Respectfully submitted,

CHAFFE McCALL, L.L.P.

 /s/ Brent A. Talbot
BRENT A. TALBOT, #19174, T.A.
JESSE G. FRANK, #38220
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Telefax:  (504) 544-6095
          -and-
KEITH C. ARMSTRONG, #20679
ZACHARY S. MILLER, #38839
103 Two United Plaza
8550 United Plaza Boulevard
Baton Rouge, Louisiana 70809
Telephone: (225) 922-4300
Telefax: (225) 922-4304
          -and-
MICHAEL D. CARLETON, #01289
One Lakeshore Drive
Suite 1750
Lake Charles, Louisiana 70629
Telephone: (337) 419-1825
***Attorneys for Defendants,***
***Laboratory Corporation of America and***
***Laboratory Corporation of America Holdings***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of December 2020, a copy of the foregoing pleading has been filed with the United States District Court for the Western District of Louisiana by electronic case filing/case management. All counsel of record are being served with this filing by the Court's electronic filing system.

 /s/ Brent A. Talbot

3891910-1